## Laura Snodgrass, Administratrix, Appellee, v. Bluford Wilson and William Cotter, Receivers, Appellants.

### (Not to be reported in full.)

Appeal from the City Court of Alton; the Hon. JAMES E. DUNNEGAN, Judge, presiding. Heard in this court at the October term, 1916. Reversed with finding of facts. Opinion filed April 13, 1917.

### Statement of the Case.

Action by Laura Snodgrass, administratrix of the estate of John W. Snodgrass, deceased, plaintiff, against Bluford Wilson and William Cotter, receivers of the Chicago, Peoria & St. Louis Railroad Company, defendants, to recover damages for the death of plaintiff's intestate from injuries sustained by being struck by a railroad train operated by defendants. From a judgment for plaintiff for $999, defendants appeal.

H. L. CHILD and JOHN J. BRENHOLT, for appellants; P. B. WARREN, of counsel.

WILLIAM WILSON, for appellee.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. RAILROADS, § 738*—*when evidence sufficient to show lack of due care of pedestrian crossing track.* Evidence *held* sufficient to show that plaintiff's intestate was not at the time he was injured in the exercise of due care for his own safety, where he stood on defendants' railroad track at a crossing with an unobstructed view of the track for four to six hundred feet, on a clear day, and there were no other trains or unusual noises or things tending to confuse him or cause him to fail to look or listen, and he did not look

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

or listen, and two ordinary steps would have carried him beyond the reach of the train which struck him.

2. RAILROADS, § 754*—*what is not negligence per se of person about to cross track.* Failure to look to see if a train is approaching as a person is about to cross a railroad track is not in law negligence *per se* on the part of such person.

3. RAILROADS, § 754*—*when failure of person about to cross track to look for train is negligence in fact.* Failure of a person about to cross a railroad track to look to see if a train is approaching may be negligence in fact if there are no conditions or circumstances which excuse the looking or listening.

4. NEGLIGENCE, § 250*—*when finding as to want of due care disturbed.* While a court of appeals should be careful in disturbing verdicts for want of due care upon the part of the person injured, yet when it appears from the evidence that there are no circumstances or surroundings of any kind that would excuse the looking or listening, and that to have looked or listened the injury could have been avoided, the court will hold that such failure to look or listen shows a want of due care.